Reversed.

27 C.C.P.A.(Patents)

## In re REID.
### Patent Appeal No. 4242.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Eugene E. Stevens, of Washington, D. C. (Myron B. Stevens, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the claims in appellant's application—Nos. 12 and 13—for a patent for an alleged invention relating to the grip portion of a golf club.

The appealed claims read:

"12. A golf club comprising a head, a shaft having a straight axis, and a grip circular in cross section from end to end

and of progressively increased diameter to the upper end of the shaft; the peripheral face of the grip from end to end along one side lying entirely within a tangential plane parallel to the straight axis of the shaft.

"13. A golf club comprising a head, a shaft having an axis straight to its upper end, and a grip circular in cross section from end to end and of progressively increased diameter to its upper end throughout that portion which is engaged by a player's upper hand; the peripheral face of the grip from end to end along one side lying entirely within a tangential plane which is parallel to the straight axis of the shaft and angled with respect to the face of the head."

The reference is: Pardoe (Br.), 442, 791, February 17, 1936.

In his decision, the Primary Examiner described the structure defined by the appealed claims and the reference upon which he relied in rejecting the claims as follows: "The invention consists of a golf club grip which is circular in cross section throughout its length. The upper end of the grip is disposed at an angle with respect to the major portion of the grip. The offset portion is so disposed that one portion of its surface parallels a continuation of the axis of the major portion of the grip. The offset portion at its extreme end is flared. The purpose of such construction is to facilitate the positioning of the hand on the grip and aid in alignment of the club head. The claims 12 and 13 have been rejected as not patentable over Pardoe. The Pardoe grip is described as a flared grip which has an offset. One side of the offset is brought close to the main axis thus the same mechanical effect on the positioning of the hands and the aligning of the club will take place with the Pardoe club as with applicant's device. The surface A of Pardoe, it is true, does not parallel the axis of the major portion of the grip, however, the exact position of the surface A appears to be only a matter of adjustment. The flattened portion A and its function, which is that of accommodating the heel of the hand, could be omitted, if desired, as it is only an additional element *not* found on the reference. Such omission would not change the Pardoe offset or its function."

The Board of Appeals concurred in the views expressed by the Primary Examiner, stating that "should the player find a flat surface [such as that at the end of the grip in the patentee's structure] to be inconvenient or objectionable, no invention is seen in merely rounding the same." That statement in the board's decision is apparently in explanation of the views of the tribunals of the Patent Office that, if it were so desired, the reference structure could, *by a mere matter of adjustment,* be made to conform to the structure defined in the appealed claims.

In its decision, the Board of Appeals, after describing the structure defined in the appealed claims, said: "These appealed claims are rejected on the English patent to Pardoe. This patent also shows a grip which is flared and provided *with an offset.* Instead of making the grip round in cross section, the cut away portion provides a flat surface by which the player is enabled to properly align the club. This flat surface does not extend parallel with the main axis of the shaft, but the examiner contends that this is only a matter of adjustment. While it is true that the patent makes no mention of providing a rounded surface instead of a flat surface, still, should the player find a flat surface to be inconvenient or objectionable, no invention is seen in merely rounding the same." (Italics ours.)

As we understand the decisions below, they hold, in effect, that the reference shows an offset portion or bend at the upper end of the patentee's grip; that the real difference between appellant's grip and the grip disclosed in the reference is that the front surface of the patentee's grip is flattened; whereas, appellant's grip is rounded; and that if the flattened surface in the patentee's grip was for any reason thought to be undesirable it would be a mere matter of adjustment to eliminate it "by rounding the same."

Counsel for appellant points out in his brief that if the flattened surface in the patentee's grip were rounded there would be no flare at the upper end of the grip, and, as a consequence, the golf club would have a tendency to slip through the player's hands. It is further pointed out by counsel that if the patentee's grip were made circular in cross section throughout its longitudinal length and its diameter progressively increased so as to give its upper end the conventional flare, the upper end of the patentee's grip would not be in proper alignment with the face of the club head owing to the fact that the shaft is bent rearwardly at its upper end, and that it is

the bend in the patentee's shaft which the Board of Appeals likened to the "offset portion" in appellant's grip.

The offset portion in appellant's grip is due to the structure of the grip itself, and not to a bend in the club shaft.

The appealed claims call for a straight shaft. They further call for a structure in which the peripheral face of the grip throughout its length on its forward face lies "entirely within a tangential plane parallel to the straight axis of the shaft." It is the latter feature in appellant's structure which permits the use of a grip curved rearwardly at its upper end from the face of the club head and at the same time provides proper alignment of the grip and the face of the club head.

The structure disclosed in the reference and that defined by the appealed claims are obviously different, and the sole question to be determined is whether, in view of the reference, appellant's grip involves invention.

We are unable to concur in the views expressed by the tribunals of the Patent Office that the grip disclosed in the reference could, by mere adjustment, be made to conform to the structure defined in the appealed claims. Furthermore, we find no suggestion in the reference of the structure claimed by appellant.

It clearly appearing from the record, which includes an affidavit of a "golf professional," that the structure defined in the appealed claims is new and useful, and, as it is not suggested by the reference, we are of opinion that it involves invention.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.